UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| JIM ADAM ROTH, | Civil File No. 06-4574 (MJD/JSM) |
| Plaintiff, | |
| v. | **ORDER** |
| NANETTE M. LARSON, JAN HANLON, Dr. DAVID PAULSON, JUDY ELLERBUSH, NOLA KAROL, J. CARTER, Dr. GREG SALMI, FARIBAULT HEALTH SERVICES, DEPARTMENT OF CORRECTIONS, JASON MATH, Dr. QUANBECK, CONNIE ROEHRICH, Lt. CLIFFORD, Lt. SHIELA McSHEA, Sgt. JOHNSON, CAROL McHUGO, VICKY POLMANN, TAMMY THOMPSON, and Officer PERSING, | |
| Defendants. | |

Plaintiff, a Minnesota state prison inmate, is seeking relief for alleged violations of his federal constitutional rights. Plaintiff did not tender the requisite filing fee with his complaint, but instead filed an application seeking leave to proceed in forma pauperis, ("IFP"). (Docket No. 3.) By order dated December 7, 2006, (Docket No. 5), the Court advised Plaintiff that his IFP application would not be addressed, and his action could not proceed, unless he paid the initial partial filing fee required by 28 U.S.C. § 1915(b)(1). Plaintiff recently paid his initial partial filing fee, (Docket Nos. 7 and 8), so the matter is now properly before the Court for the purpose of determining whether Plaintiff should be granted IFP status. Also before the Court at this time is Plaintiff's motion for appointment of counsel, as well as his self-styled "Motion for Reconsideration." (Docket Nos. 2 and 6.)

A.  IFP Application

The Court finds that Plaintiff is financially eligible for IFP status, and his IFP application will therefore be GRANTED.  This means that Plaintiff will be excused from pre-paying the full filing fee for this action.  However, Plaintiff will be required to pay the unpaid balance of the filing fee, (in this case, $310.00), in installments pursuant to 28 U.S.C. § 1915(b)(2).  The Clerk of Court will be directed to provide notice of this requirement to the authorities at the institution where Plaintiff is confined.

Because IFP status is granted, Plaintiff is entitled to have the named Defendants served by the United States Marshal.  28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(2).  However, Marshal service cannot be accomplished at this time, because Plaintiff has not yet submitted the documentation needed to effect service of process.  To cure this deficiency, Plaintiff must submit one properly completed marshal service form, Form USM-285, for each Defendant to be served.  See Lee v. Armontrout, 991 F.2d 487, 489 (8th Cir.) (per curiam) (it is the pro se plaintiff's "responsibility to provide proper addresses for service on [defendants]"), cert. denied, 510 U.S. 875 (1993).  If Plaintiff does not satisfy this requirement within the next thirty (30) days, he will be deemed to have abandoned his action, and it will be recommended that the case be dismissed, without prejudice, for lack of prosecution. Fed. R. Civ. P. 41(b).  If Plaintiff does satisfy this requirement in a timely manner, then a summons shall be issued, and service of process shall be performed by the United States Marshal.  However, the Marshall will be required to serve only those Defendants for whom Plaintiff has submitted a properly completed marshal service form (USM-285). (If Plaintiff needs any USM-285 forms, the Clerk of Court should provide them to him upon his request.)

The Court will presently defer any ruling on the legal sufficiency of Plaintiff's claims against the named Defendants. (See 28 U.S.C. § 1915A.) Those Defendants upon whom service of process is effected will be required to file an answer or other responsive pleading, notwithstanding the provisions of 42 U.S.C. § 1997e(g). A copy of this Order shall be served with the summons and complaint, so that Defendants will be apprised of their obligation to file a responsive pleading.

B.  Appointment of Counsel

Also before the Court at this time is Plaintiff's motion for appointment of counsel. (Docket No. 2.) Pro se litigants, (whether prisoners or non-prisoners), do not have a constitutional or statutory right to counsel in civil cases. Stevens v. Redwing, 146 F.3d 538, 546 (8th Cir. 1998). Rather, the appointment of counsel in cases such as this one is a matter committed to the discretion of the trial court. McCall v. Benson, 114 F.3d 754, 756 (8th Cir. 1997); Mosby v. Mabry, 697 F.2d 213, 214 (8th Cir. 1982). Among the factors the court should consider in determining whether to appoint counsel are the factual complexity of the case, the ability of the litigant to present his claims, the complexity of the legal issues and whether both the litigant and the Court would benefit from representation by counsel for both parties. McCall, 114 F.3d at 756; Johnson v. Williams, 788 F.2d 1319, 1322-23 (8th Cir. 1986).

The Court finds that neither the facts nor the legal issues involved in this case are so complex as to warrant appointment of counsel at this time. It appears to the Court that Plaintiff has the threshold ability to articulate his claims and to argue his positions, and his submissions in this matter demonstrate that he has been able to communicate effectively with the Court. Moreover, the Court is presently satisfied that appointment of counsel

would not substantially benefit Plaintiff or the Court. Plaintiff's request for appointment of counsel will therefore be denied. However, if this case progresses to trial, Plaintiff may then renew his request for appointment of counsel.

    C. <u>Motion For Reconsideration</u>

Finally, Plaintiff has filed a motion seeking reconsideration of the Court's prior order of December 7, 2006, which denied Plaintiff's request to be excused from the filing fee requirements prescribed at 28 U.S.C. § 1915(b). As the Court pointed out in that prior order, the Eighth Circuit Court of Appeals has clearly and repeatedly stated that prisoners cannot be wholly excused from paying the statutory filing fee prescribed by 28 U.S.C. § 1914(a). If a prisoner is granted leave to proceed IFP, (as is the case here), he is allowed to pay the filing fee in installments. Ultimately, however, <u>all prisoners must pay the full filing fee</u>. <u>Ashley v. Dilworth</u>, 147 F.3d 715, 716 (8th Cir. 1998) ("[t]he purpose of the Prison Litigation Reform Act was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time").

In this case, Plaintiff's request to excused from paying the initial partial filing fee is now moot, because that fee has already been paid. To the extent that Plaintiff is seeking to be excused from the subsequent installment payments required by § 1915(b)(2), his request must be denied. Plaintiff has not cited any authority suggesting that federal courts can waive the fee payment requirements of § 1915(b)(2), and again, the apposite Eighth Circuit caselaw clearly indicates that prisoners must pay the full filing fee as the statute prescribes. Plaintiff's motion for reconsideration will therefore be denied.

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS HEREBY ORDERED** that:

1. Plaintiff's request for leave to proceed in forma pauperis, (Docket No. 3), is GRANTED;

2. Plaintiff shall pay the unpaid balance of the filing fee for this action -- namely $310.00 -- in the manner prescribed by 28 U.S.C. § 1915(b)(2); and the Clerk of Court shall provide notice of this requirement to authorities at the institution where Plaintiff is confined;

3. Within thirty (30) days after the date of this order, Plaintiff shall file one completed Form USM-285 for each Defendant to be served in this matter, failing which it will be recommended that the action be dismissed pursuant to Fed. R. Civ. P. 41(b);

4. If Plaintiff complies with the requirements of this order in a timely manner, a summons shall be issued, and the United States Marshal shall effect service of process on those Defendants for whom Plaintiff has submitted a properly completed Marshal service form;

5. A copy of this Order shall be served together with the summons and Plaintiff's complaint;

6. Those Defendants upon whom service of process is effected will be required to file a response to Plaintiff's complaint;

7. Plaintiff's motion for appointment of counsel, (Docket No. 2), is DENIED; and

8. Plaintiff's "Motion for Reconsideration," (Docket No. 6), is DENIED.

Dated:   January 26, 2006

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge